Carcamo Estrada v. Barr

BIA
Kolbe, IJ
A206 316 916

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty.

**PRESENT:**
> **PETER W. HALL,**
> **SUSAN L. CARNEY,**
> **JOSEPH F. BIANCO,**
> > *Circuit Judges.*

_____

**ANGEL ERNESTO CARCAMO ESTRADA, AKA ALEXIS VALLADARES RODRIGUEZ,**
> *Petitioner*,

> v.

**WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

**18-805**
**NAC**

_____

**FOR PETITIONER:**     Craig Relles, Esq., White Plains, NY.

**FOR RESPONDENT:**    Joseph H. Hunt, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Jesse D. Lorenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and GRANTED in part.

Petitioner Angel Ernesto Carcamo Estrada, a native and citizen of Honduras, seeks review of a February 20, 2018, decision of the BIA affirming a September 12, 2017, decision of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Carcamo Estrada,* No. A 206 316 916 (B.I.A. Feb. 20, 2018), *aff'g* No. A 206 316 916 (Immig. Ct. N.Y. City Sept. 12, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's legal conclusions de novo and its factual findings under the substantial evidence standard. *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir.

2

2013).

<u>Withholding of Removal</u>

In order to demonstrate eligibility for withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id*. § 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (B.I.A. 2010).

The agency did not err in concluding that Carcamo Estrada's religious or political belief in opposition to selling drugs was not "one central reason" that he was targeted by gangs. Carcamo Estrada's testimony did not show that the gang was aware of his opposition to selling drugs (whether characterized as a religious belief or a political opinion), or that it targeted him on that basis. Moreover, Carcamo Estrada's country conditions evidence reflects widespread extortion and gang violence in Honduras and does not demonstrate that Christians or people opposed to selling drugs are at unique risk. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007) (applicant has burden of demonstrating that persecutors "ha[ve] any motive other than increasing their own wealth at the expense of" the applicant (internal quotation marks omitted)); *Melgar de Torres v. Reno*, 191 F.3d

3

307, 314 (2d Cir. 1999) (harm suffered as a result of "general crime conditions" does not constitute persecution on account of a protected ground). Carcamo Estrada argues here that the agency should have considered whether his resistance to the gang's demands, which he asserts that the gang viewed as political opinion, motivated the threats against him. But he testified that he was targeted and threatened before he ever refused a gang demand, and the record reflects that the gang targets people for extortion and violence indiscriminately. Accordingly, Carcamo Estrada failed to establish a nexus between the gang's actions and his religion or political opinion. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Melgar de Torres*, 191 F.3d at 314.

The agency also did not err in finding that Carcamo Estrada's proposed social groups of "business owners" or "business owners who have been extorted by MS-13" were not sufficiently particular or socially distinct to constitute cognizable particular social groups. To constitute a particular social group, a group must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). A social group lacks the

4

required particularity where it is made up of "a potentially large and diffuse segment of society, and the motivation of gang members in recruiting and targeting [members of the group] could arise from motivations quite apart from any perception that [their targets] were members of a class." *Matter of S-E-G-*, 24 I. & N. Dec. 579, 585 (BIA 2008). A proposed social group fails the social distinction test if the record evidence does not demonstrate that the group would be perceived as a group by society or subject to a greater threat from gang violence than the general population. *Id.* at 586–87; *see also Ucelo-Gomez*, 509 F.3d at 73 ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA.").

The agency reasonably concluded that "business owners" constitute a large and diffuse portion of Honduran society and that the record did not support the conclusion that Honduran society views business owners as a discrete group. *Cf. Ucelo-Gomez*, 509 F.3d at 73–74 (deferring to BIA's conclusion that "affluent Guatemalans" are not sufficiently particular or socially distinct, in part because it would be impractical to distinguish petitioners who are targeted because of their

5

group membership from those who are targeted "merely because that's where the money is"). Carcamo Estrada's argument that business owners are a socially distinct group in Honduras because gangs are able to identify and target business owners is misplaced because the distinction must be recognized by society at large. *See Matter of M-E-V-G-*, 26 I. & N. Dec. at 242 ("a group's recognition . . . is determined by the perception of the society in question, rather than by the perception of the persecutor"); *see also Paloka*, 762 F.3d at 196 ("[A] persecutor's perception alone is not enough to establish a cognizable social group."). The record also lacks evidence that the proposed group of business owners who have been extorted by gangs are viewed as a socially distinct group in Honduras. To the contrary, Carcamo Estrada testified that this group included all business owners in his neighborhood. *See also Matter of M-E-V-G-*, 26 I. & N. Dec. at 232 ("a 'particular social group' cannot be defined exclusively by the claimed persecution").

Because Carcamo Estrada failed to establish that he more likely than not would be persecuted on the basis of his religion, political opinion, or membership in these proposed social groups, the agency did not err in denying withholding of removal. 8 U.S.C. § 1231(b)(3)(A). Contrary to Carcamo Estrada's argument, the

6

BIA did not err in declining to consider a proposed social group consisting of business owners who have refused to pay "taxes" to the gang because that argument was presented for the first time on appeal. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018) (requiring asylum applicants to articulate each proposed social group to the IJ in the first instance); *see also Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) (holding that BIA may decline to consider issue not raised before IJ).

CAT Relief

To receive protection under the CAT, an applicant must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Unlike withholding of removal, CAT relief does not require a nexus to any ground. *See id.* "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see also Pierre v. Gonzales*, 502 F.3d 109, 114, 118 (2d Cir. 2007). Government acquiescence "requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility

to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004); *see* 8 C.F.R. § 1208.18(a)(7).   The agency must consider "all evidence relevant to the possibility of future torture," including: "[e]vidence of past torture," evidence regarding the possibility of internal relocation, "[e]vidence of gross, flagrant or mass violations of human rights," and "[o]ther relevant information regarding conditions in the country of removal."   8 C.F.R. § 1208.16(c)(3)(i)–(iv).

The agency denied Carcamo Estrada's CAT claim solely on the ground that he failed to demonstrate that the Honduran government was more likely than not to acquiesce to his torture.   *See De La Rosa v. Holder*, 598 F.3d 103, 108–09 (2d Cir. 2010) (recognizing that failure to establish likelihood of torture is an alternative dispositive basis for denying CAT relief from the requirement of establishing government acquiescence).   We review the agency's determination regarding the likelihood of government acquiescence to torture for substantial evidence and "review de novo questions of law regarding what evidence will suffice to carry [the] applicant's burden of proof."   *Joaquin-Porras v. Gonzales*, 435 F.3d 172, 181 (2d Cir. 2006) (internal quotation marks omitted); *see Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) ("A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-

8

finding . . . .").[1]  We remand for further consideration of Carcamo Estrada's CAT claim because the agency provided insufficient analysis to support its conclusion regarding the absence of government acquiescence.  *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("[W]e require a certain minimum level of analysis from the IJ and BIA opinions . . . , and indeed must require such if judicial review is to be meaningful.").

First, the agency did not address the affidavit from Carcamo Estrada's wife, which corroborated and added detail to his claim that that the local police were connected to and complicit with the gang that threatened him.  The agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner as long as it has given reasoned consideration to the petition, and made adequate findings."  *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (internal quotation marks omitted).  But here, where the agency's decision turned on whether Carcamo Estrada's evidence was sufficiently detailed on an issue that his wife addressed, the agency erred by omitting an evaluation of the wife's affidavit.  The agency also failed to address

---

[1] Contrary to Carcamo Estrada's argument, the BIA applied the correct standard of review to the IJ's denial of CAT relief, properly reviewing the IJ's factual findings for clear error.  8 C.F.R. § 1003.1(d)(3)(i); *Hui Lin Huang*, 677 F.3d at 134.

whether Carcamo Estrada's testimony that the local gang has successfully maintained an extortion scheme reaching "every" business in the neighborhood— including Carcamo Estrada's business—for a period of many years and has murdered at least one business owner who failed to comply with the gang's demands supports a finding that the local police force acquiesces to the gang's activities. *Cf. Khouzam*, 361 F.3d at 171 (finding the "routine" nature of torture supported the conclusion that officials either knew of the torture or remained willfully blind to it).

Second, the agency erred in concluding that Carcamo Estrada's testimony was too vague to satisfy his burden because he did not provide more details, including the officer's name to establish a familial relationship between the local gang leader and a police officer. Carcamo Estrada did not claim to have had any past interactions with the gang leader's police officer brother, so it is not clear why he necessarily would know the officer's name. Further, the IJ failed to develop the record to elicit an explanation for why Carcamo Estrada did not know the name or to establish the basis of his knowledge of the gang's connections to the police. *Cf. Diallo v. INS*, 232 F.3d 279, 290 (2d Cir. 2000) (explaining that the agency is entitled to find that credible testimony does not satisfy an applicant's

10

burden of proof because it is not adequately corroborated only if it "explain[s] specifically" why it is reasonable to expect such corroboration and why the applicant's explanations for the lack of corroboration are insufficient); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir. 2005) (credible testimony is not too vague to satisfy an applicant's burden of proof if it includes facts corresponding to each of the elements on which the applicant has the burden of proof).[2]

Third, although the agency acknowledged country conditions evidence concerning gang violence, police corruption, and authorities' capacity to control gangs, it appears to have discounted this evidence as not relevant to the likelihood of government acquiescence to torture in Carcamo Estrada's "particular area." To the extent that it did so, this was error.   While we have deferred to the agency's requirement that an applicant present evidence showing country conditions in a particular area where the record reflects that conditions vary by region, the agency

---

[2] The BIA and the Government both note that the record compiled in *De La Rosa* contained more detailed evidence than adduced here connecting the government with the alleged torturer.   Even so, in that case, we remanded because the agency appeared to assume—incorrectly—that the efforts made by *some* officials to prevent torture necessarily precluded a finding of government acquiescence.   598 F.3d at 109-11.   In *De La Rosa* we did not opine, however, on the extent of government complicity that is required to satisfy a CAT applicant's burden to show government acquiescence in the fact of contrary evidence of protective government acts.   So *De La Rosa* remains persuasive authority here and hardly precludes remand.

did not find that there was local variation in conditions in Honduras. *Cf. Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009) (upholding denial of pattern or practice claim where evidence reflected that conditions varied across Indonesia's approximately 6,000 inhabited islands); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 149, 169–70 (2d Cir. 2008) (finding no error in the agency's requirement that an applicant demonstrate a well-founded fear of persecution specific to Fujian Province when persecutory acts in China vary according to province). Here, the record does not establish local variation with respect to police corruption and incapacity to control gang violence, and the country conditions evidence is probative of the likelihood of government acquiescence to Carcamo Estrada's torture.

For the foregoing reasons, the petition for review is DENIED in part and GRANTED in part, and the case is REMANDED for further proceedings consistent with this order. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

12